Michele R. Stafford, Esq. (SBN 172509)
Adrian L. Canzoneri (SBN 265168)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
acanzoneri@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PACE INC., *dba* PACE DRYWALL, a California Corporation, <br><br> Defendant. | Case No.:  3:14-cv-04382 <br><br> **NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED ("Stipulation" and/or "Judgment") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, *et al.* (collectively "Plaintiffs" and/or "Trust Funds") and against Defendant PACE INC., dba PACE DRYWALL ("Defendant"), and/or any alter egos and/or successor entities, as follows:

1. Defendant entered into the Northern California Drywall Finishers Master Agreement between District Council 16 and the Northern California Drywall Contractors Association (the "Drywall Master Agreement"), and the Northern California Drywall Finishers Master Agreement between District Council 16 and the Wall and Ceiling Alliance (the "Wall and Ceiling Agreement"), requiring employer contributions to Plaintiffs' ERISA Funds.  The Drywall Contractors Master Agreement and the Wall and Ceiling Agreement are referred to collectively

1  herein as the "Bargaining Agreements." The Bargaining Agreements have continued in full force and effect to the present time.

2. Alan Mauldin, in his capacity as President and Chief Executive Officer of Defendant, hereby acknowledges that he is authorized to receive service and has received service of the following documents in this action on behalf of the named Defendant: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for All Judges of the Northern District of California; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation [and Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Filing Procedures (Oakland); ECF Registration Information Handout; Welcome to the U.S. District Court; Notice of Assignment to a Magistrate Judge, Consent, Declination; Consent to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge; Notice of Impending Reassignment to a United States District Court Judge; Order Reassigning Case; Order Setting Case Management Conference of Reassigned Case.

3. Alan Mauldin ("Guarantor") confirms that he is authorized to enter into this Stipulation on behalf of Defendant and confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation. Guarantor further confirms that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner, or possesses any ownership interest. Defendant/Guarantor and all such entities shall specifically consent to the Court's jurisdiction, in writing, at the time of any assignment, affiliation or purchase, as well as to all other terms herein.

///

///

///

4. Defendant is indebted to Plaintiffs as follows:

| CONTRIBUTIONS: | | |
|---|---|---|
| **July 2014** | $112,544.97 | |
| 20% Liquidated Damages on July 2014 | $22,508.99 | |
| 5% Interest on July 2014 (through 09/29/14) | $447.18 | |
| **August 2014** | $84,918.28 | |
| 20% Liquidated Damages on August 2014 | $16,983.66 | |
| **SUBTOTAL:** | | **$237,403.08** |
| Attorneys' Fees (through 09/28/14) | | $2,489.00 |
| Complaint Filing Fee | | $400.00 |
| **TOTAL AMOUNT DUE** | | *$240,292.08* |

5. Defendant/Guarantor shall *conditionally* pay the amount of **$200,799.43**, representing all above amounts, less conditionally waived liquidated damages in the amount of **$39,492.65**. *This conditional waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on or before **September 30, 2014**, and continuing on or before the last business day of each month thereafter, for a period of twelve (12) months, through and including **August 31, 2015**, Defendant/Guarantor shall pay to Plaintiffs the amount of **$17,190.00** per month;

(b) Payments may be made by joint check, to be endorsed by Defendant prior to submission. Payments made by joint check may be applied toward Defendant's monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balanced owed under this Stipulation provided the payment is for contributions included in this Stipulation;

(c) Defendant/Guarantor shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum from October 1, 2014, in accordance with the Bargaining Agreements and Plaintiffs' Trust Agreements;

(e) Checks shall be made payable to the *District Council 16 Northern California Trust Funds*, and delivered on or before each due date to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs;

(f) Plaintiffs may require that Defendant pay electronically by wire transfer;

(g) At the time that Defendant/Guarantor makes the twelfth (12th) stipulated payment, Defendant/Guarantor may submit a written request for waiver of their liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their 12th stipulated payment. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's Trust Fund account is otherwise current;

(h) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant/Guarantor, in writing, by first class mail and email to adm@pacedrywall.com, as to the final amount due, including additional interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant/Guarantor shall pay all additional interest and additional attorneys' fees and costs incurred by Plaintiffs regardless of whether or not Defendant defaults herein. All additional amounts due pursuant to the provisions hereunder shall also be paid in full with the final <u>August 31, 2015</u> stipulated payment; and

(i) Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶14 shall apply.

6. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant/Guarantor is responsible, Defendant shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendant/Guarantor, by first class mail and email to adm@pacedrywall.com, to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. If caused by a failed check, default will only be cured by the issuance of a replacement <u>cashier's check</u>, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant/Guarantor elect to cure said default, and Plaintiffs elect to accept future payments, *all*

*such future payments shall be made by cashier's check at Plaintiffs' request*. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

7. Beginning with contributions due for hours worked by Defendant's employees during the month of September 2014, and for every month thereafter until this Judgment is satisfied, **Defendant shall remain current in reporting and payment of contributions** due to Plaintiffs under the current Bargaining Agreements and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining Agreements and Trust Agreements provide that all benefit contributions are due on or before the fifteenth (15th) day of the month following the month in which hours were worked and are delinquent if not received by the last business day of that month.

Until this judgment is satisfied, Defendant shall <u>**submit all monthly contribution reports and payments to Saltzman and Johnson Law Corporation.**</u> The reports and payments shall be delivered to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs, <u>by the last business day of each month</u>. Defendant shall send copies of its original contribution reports and payments to the Trust Funds. Plaintiffs may require that Defendant pay contributions electronically by wire transfer.  Failure to comply with these terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 12 shall apply.

8. Beginning with the month of September 2014, and for every month thereafter, **Defendant shall fully disclose all jobs on which it is working by providing Plaintiffs with fully completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendant's updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs, by the last business day of each month.

This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work, whether Defendant's account with the Trust Funds is active, or whether Defendant is signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendant has no work to report during a given month, Defendant shall submit the job report form (Exhibit A) indicating that there are no current jobs. **Defendant's first job report (regarding September 2014 jobs) is due on or before October 30, 2014.**

Failure by Defendant to timely submit fully completed monthly job reports and Certified Payroll Reports (if applicable) as described above shall constitute a default of the obligations under this Stipulation and the terms of ¶ 12 shall apply.

9.   **Audit**:  Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreements, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement, which Defendant shall have ten (10) days to cure from receipt of written notice from Plaintiffs.

(a)   In the event that amounts are found due on audit, Plaintiffs shall send a written demand to Defendant by first class mail and email to adm@pacedrywall.com, for payment in full of the amounts found due in the audit, including a full copy of the audit report and any findings, including contributions, liquidated damages, interest and audit fees owed.

(b)   Defendant will be provided with ten (10) days within which to review the audit, and provide evidence to contest the findings. In the event that Defendant does not agree with the total found due, Plaintiffs shall provide any additional information or clarification requested by Defendant in writing within ten (10) days of the request therefor, or as soon as reasonably possible, and Defendant's time to respond to the audit report or comply with payment requirements shall then run from the time that Defendant receives Plaintiffs' response. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford, Esq. at the address provided above.

(c)   If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If

revisions are not made, payment will be immediately due.

(d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised billing.

(e) If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms herein. If the Stipulation is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f) Failure by Defendant to submit either payment in full or a request to add the amounts due under this Judgment within ten (10) days of the date of Plaintiffs' demand for payment shall constitute a default of the obligations under this agreement.  All amounts found due on audit shall immediately become part of this Judgment.

10. Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 12 shall apply.

11. Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions and related amounts not included herein as may be determined by Plaintiffs to be due, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

12. In the event that Defendant/Guarantor fail to make any payment required herein, or otherwise defaults on any of their obligations as detailed in this Stipulation, and such default is not

-7-
JUDGMENT PURSUANT TO STIPULATION
Case No.:3:14-cv-0382

timely cured, the following shall occur:

  (a) The entire balance of **$240,292.08**, plus interest, but reduced by principal payments received from Defendant/Guarantor, shall be immediately due and payable, in addition to any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest on the unpaid or late paid contributions, together with any attorneys' fees and costs incurred during the term of this Stipulation;

  (b) A Writ of Execution may be obtained against Defendant/Guarantor without further notice to Defendant/Guarantor, in the amount of the unpaid balance, plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default;

  (c) Defendant/Guarantor waives any notice of Entry of Judgment and any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor; and

  (d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

13. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

14. The parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

15. This Stipulation is limited to the agreement between the parties with respect to the

1 unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

16. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

17. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

18. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

19. Defendant/Guarantor represent and warrant that they have had the opportunity to be, or have been, represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

///
///
///
///
///
///
///
///

20. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: October 6, 2014          **PACE INC., dba PACE DRYWALL**

By: _____/S/_____
Alan Mauldin, CEO/RMO/President

Dated: October 6, 2014          **ALAN MAULDIN**

By: _____/S/_____
Alan Mauldin, Individually

Dated: October 7, 2014          **SALTZMAN & JOHNSON LAW CORPORATION**

By: _____/S/_____
Adrian L. Canzoneri
Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: <u>October 10</u>, 2014

UNITED STATES DISTRICT COURT JUDGE

-10-
JUDGMENT PURSUANT TO STIPULATION
Case No.:3:14-cv-0382

# EXHIBIT A
# JOB REPORT FORM

**Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation <u>by the last business day of each month</u>**
at 44 Montgomery Street, Suite 2110, San Francisco, California 94104

**Employer Name: <u>PACE INC. dba PACE DRYWALL</u>**

**Report for the month of** _____, 20\_\_ **Submitted by:** _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*\*\*\* Attach additional sheets as necessary \*\*\**